UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **AZIZI ANSARI** | **CIVIL ACTION NO. 2:25-cv-1575** |
| **VERSUS** | **JUDGE** |
| **RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC.** | **MAGISTRATE** |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Werner Enterprises, Inc., (improperly referred to as "Werner Enterprises, Inc. of Nebraska") who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, to the docket of this Honorable Court.

I.

On September 15, 2025, Plaintiff, Azizi Ansari, filed a personal injury lawsuit against Richard Rene Espinoza and Werner Enterprises, Inc. in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, Docket Number C-20250806, Division B, entitled "*Azizi Ansari versus Richard Rene Espinoza and Werner Enterprises, Inc. of Nebraska*." (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an incident which occurred on or about October 31, 2024 in Beauregard Parish, Louisiana.

**I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

    A.       THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Azizi Ansari, alleges that he sustained personal injuries and other losses as a result of an accident on or about October 31, 2024. He seeks damages for past, present, and future: physical pain and suffering, mental anguish and emotional distress, medical expenses, loss of wages/income, loss of earning capacity, disability, aggravation and inconvenience, transportation expenses to/from medical and legal appointments, loss or limitation of insurability, and other elements of damages to be proven at trial. (*See* Exhibit A, at ¶ 9, 10 and 11).

V.

Plaintiff has not stipulated and the Petition for Damages does not aver that his claims exceed $75,000, exclusive of interest and costs as required by La. C.C.P. art. 893, nor has he averred or offered a binding stipulation that they affirmatively renounce the right to accept a

judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On October 15, 2025, counsel for Defendant requested that Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by him in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs in order to preclude removal to this court. (Attached as Exhibit "B" *in globo*). To date, no response has been received. Plaintiff's refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc*. No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc*., 837 F. Supp. 751, 752 (M.D. La. 1993).

VII.

On October 15, 2025, Defendant propounded Requests for Admission on Plaintiff, through his counsel of record, directed specifically to the issue of the amount in controversy. Plaintiff provided his response on October 16, 2025 as follows:

**REQUEST FOR ADMISSION. NO. 1:**

Please admit that the amount in controversy for all claims asserted by or on behalf of Azizi Ansari in connection with this matter exceeds $75,000.00, exclusive of interest and costs.

**RESPONSE:**

Admitted.

(Attached as Exhibit "C" *in globo*).

VIII.

Thus, Defendant has conclusively established by virtue of Plaintiff admission that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

B.   **COMPLETE DIVERSITY EXISTS**

IX.

Defendant, Richard Rene Espinoza is a person of the full age of majority and is domiciled in and a citizen of the State of Texas.

X.

Defendant, Werner Enterprises, Inc., (improperly referred to as Werner Enterprises, Inc. of Nebraska), is a foreign corporation with both its place of incorporation and its principle place of business in the State of Nebraska and is a citizen of the State of Nebraska.

XI.

Werner Enterprises, Inc. of Nebraska, was improperly named as a defendant instead of Werner Enterprises, Inc. The proper legal entity and employer of Richard Rne Espinoza is Werner Enterprises, Inc. When Werner Enterprises, Inc. attempted to register with the Louisiana Secretary of State in 1996 it was informed that its official name was too similar to another entity and was therefore registered as Werner Enterprises, Inc. of Nebraska. Werner Enterprises, Inc. of Nebraska does not exist and is not a legal entity. It is the same as Werner Enterprises, Inc. and therefore is a foreign corporation with both its place of incorporation and its principal place of business in the State of Nebraska and is a citizen of the State of Nebraska.

XII.

Plaintiff, Azizi Ansari, is a person of the full age of majority and are domiciled in and citizen of the State of Louisiana.

XIII.

There is complete diversity between the Plaintiff and all Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

II. **DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIRMENTS FOR REMOVAL.**

XIV.

The Notice of Removal was properly filed within thirty (30) days of Defendant's receipt of a paper from which it could first ascertain that the case is removable, namely Plaintiff's October 16, 2025 admission that the amount in controversy exceeds $75,000, exclusive of interests and costs.[1] 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). The term "other paper" in 28 U.S.C. § 1446(b)(3) includes information relating to the amount in controversy that is found in the records of the state proceeding or in discovery responses. 28 U.S.C. § 1446(c)(3)(A); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). A deemed admission qualifies as "other paper" by the terms of 18 U.S.C. § 1446(c)(3)(A) and triggers the 30-day removal clock. *Gayden v. Winn-Dixie Montgomery, Inc.*, No. CIV.A. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014); *Greene v. Ace Am. Ins. Co.*, No. CV 20-773, 2020 WL 4035524, at *4 (E.D. La. July 17, 2020).

---

[1] *See* Exhibit "C".

XV.

Service was requested via the long arm statute as to Richard Rene Espinoza. To date, Mr. Espinoza has not been served, the record does not contain any affidavit of service with respect to Mr. Espinoza, and plaintiff's counsel has not responded with proof of service to defense counsel's requests. As such, his consent to this removal is not necessary at this time. However, without waiving the formal requirements of service of process, Mr. Espinoza is represented by undersigned counsel and joins in and consents to this removal.

XVI.

There is no other party needed to consent to the removal of this case.

XVII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all named Defendants.

XVIII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana.

XIX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## **JURY DEMAND**

XX.

Defendant is entitled to and requests a trial by jury on all issues herein.

**WHEREFORE**, Defendant, Werner Enterprises, Inc., prays that the action entitled, "*Azizi Ansari versus Richard Rene Espinoza and Werner Enterprises, Inc. of Nebraska*," bearing docket number C-20250806, Division B, and pending in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*

_____
**GUY D. PERRIER, (# 20323)**
**RALPH J. AUCOIN, JR., (#31023)**
**PAUL W. FREESE (#39886)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
Email:  raucoin@perrierlacoste.com
Email:  pfreese@perrierlacoste.com
***Attorneys for Werner Enterprises, Inc.***

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 20th day of October, 2025, at their last known address of record.

                                          *s/ Ralph J. Aucoin Jr.*
                                          **RALPH J. AUCOIN, JR.**