BEAUREGARD PARISH CLERK OF COURT
Filed Sep 15, 2025 3:45 PM
Melony Tull
Deputy Clerk of Court
E-File Received Sep 15, 2025 3:32 PM

36TH JUDICIAL DISTRICT COURT FOR THE PARISH OF BEAUREGARD
STATE OF LOUISIANA

NO. C-20250806 B    DIVISION "___"

AZIZI ANSARI

VERSUS

RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC. OF NEBRASKA

FILED: _____    _____
DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come AZIZI ANSARI, an adult individual who is domiciled in Orleans Parish, Louisiana, and respectfully aver that:

1.

Made Defendants herein are:

(a) WERNER ENTERPRISES, INC. OF NEBRASKA., a non-Louisiana business corporation licensed to do and doing business in Louisiana with its principal place of business at 1070-B West Causeway Approach, Mandeville, LA 70471;

(b) RICHARD RENE ESPINOZA, an adult individual, who is resides in Poteet, TX, and who was the operator of the vehicle involved in the subject collision; and

2.

Venue is proper in Beauregard Parish, Louisiana because the events giving rise to this action occurred in Beauregard Parish.

3.

On October 31, 2024, ESPINOZA was traveling westbound on Highway 110 in Deridder, LA while ANSARI was traveling eastbound on the same roadway. It was raining and windy. ANSARI reached a narrow bridge on Highway 110 which lacked a shoulder. Then, ESPINOZA entered the same bridge going the opposite direction. When the two vehicles passed, ESPINOZA drifted causing his truck to strike the driver's side of Mr. Ansari's truck causing moderate damage to the side mirror – and injury to ANSARI as he

**EXHIBIT 1**

attempted to steady his vehicle (the "**Collision**"). ESPINOZA slowed down but failed to stop and ANSARI was forced to turn around to flag him down to notify him of the Collision.

4.

ESPINOZA was operating a vehicle owned by WERNER at the time of the Collision and he was doing so while in the course and scope of his employment with WERNER and at WERNER's direction.

5.

The Collision occurred through the negligence, carelessness, and recklessness of ESPINOZA, whose negligence is imputed to his employer, WERNER, without any contributory negligence whatsoever upon the part of ANSARI, and such negligence, carelessness, and recklessness consisted of, without limitation, the following acts or omissions:

    A.    Failing to maintain a proper lookout and observe traffic;

    B.    Failing to see what he should have seen;

    C.    Failing to obey traffic patterns;

    D.    Operating his vehicle in an unsafe manner in the traffic conditions prevailing at the time;

    E.    Operating his vehicle in a careless and reckless manner;

    F.    Failing to exercise reasonable vigilance;

    G.    Failing to maintain a safe distance between vehicles;

    H.    Striking the vehicle in which ANSARI was traveling;

    I.    Improperly using the lanes of traffic;

    J.    Crossing the center lane of traffic without proper clearance to do so;

    K.    Failing to yield;

    L.    Failing to observe due caution;

    M.    Disregarding and violating the rules of the road, traffic ordinances, and laws of Orleans Parish and the State of Louisiana; and

    N.    Any and all other acts of negligence, fault, or want of care which may be proven at the trial of this case, all of which said acts or omissions are in

violation of the traffic laws or ordinances for Orleans Parish and the State of Louisiana, and which are pled herein as if copied in extenso.

6.

Aside from its vicarious liability for the acts and omissions of ESPINOZA, the Collision also occurred through the independent negligence, carelessness, and recklessness of WERNER, without any contributory negligence whatsoever upon the part of ANSARI, and such negligence, carelessness, and recklessness consisted of, without limitation, the following acts or omissions:

A. Failing to screen or negligently screening its driver, ESPINOZA, prior to hiring and after being hired;

B. Negligently hiring its driver, ESPINOZA;

C. Failing to train or negligently training its driver, ESPINOZA;

D. Failing to supervise or negligently supervising its driver, ESPINOZA;

E. Negligently entrusting its driver, ESPINOZA, with a vehicle;

F. Failing to exercise due and appropriate prudence and caution in the selection or assignment of duties to its driver, ESPINOZA; and

G. All other acts of negligence, fault, or want of care which may be proven at the trial of this case, all of which said acts or omissions are in violation of the traffic laws or ordinances for Beauregard Parish and the State of Louisiana, and which are pled herein as if copied in extenso.

7.

The circumstances of this Collision were such that ANSARI was powerless to do anything to avoid it.

8.

Due to said Collision, the body of ANSARI was violently thrown about the inside of the vehicle causing him to strike various body parts on objects within the vehicle and twist into abnormal, unnatural positions.

9.

As a result of the Collision, ANSARI sustained significant, severe, and painful personal, physical, emotional, and mental injuries, which have caused him to suffer pain and have his movement restricted or limited for a period of time.

10.

In addition, as a result of the Collision, ANSARI sustained economic damages, as well as inconvenience and other impacts on his life and professional activities.

11.

As a consequence of the Collision, ANSARI suffered damages including, without limitation, past, present, and future:

    (a) physical pain and suffering;

    (b) mental anguish and emotional distress;

    (c) medical expenses;

    (d) loss of wages/income;

    (e) loss of earning capacity;

    (f) disability;

    (g) aggravation and inconvenience;

    (h) transportation expenses to/from medical and legal appointments;

    (i) loss or limitation of insurability; and

    (j) other elements of damages to be proven at the time of trial.

12.

ANSARI prays for and is entitled to all damages as are reasonable under the circumstances.

13.

At the trial of this matter, if it shall be necessary for ANSARI to call upon expert witnesses to give testimony, then the cost of these experts should be taxed as costs of Court and paid by the Defendants.

14.

ANSARI has a direct cause of action, either individually, jointly, severally, or *in solido*, against ESPINOZA and WERNER and any other responsible party for any and all damages that ANSARI may have sustained, and for the full and true amount as the Court or the Jury may grant or award for any and all damages they may have sustained, or as

it may be reasonable under the premises, plus legal interest thereon from the date of the judicial demand until paid, court costs, experts' fees, and for any and all equitable relief as they are herein entitled under this cause, equity, justice, or as a matter of law.

15.

ANSARI has made just and amicable demand to ESPINOZA, WERNER, and their insurer(s) to no avail.

16.

Upon information and belief, one or more of ANSARI 's individual causes of action exceeds the sum of $10,000.00, exclusive of interest and costs.

**REQUEST FOR NOTICE**

17.

Undersigned counsel requests written notice of the date of trial, as well as all hearings (on the merits or otherwise), orders, judgments, interlocutory decrees, and all formal steps taken by the parties herein, the Judge, and any member of Court, as provided in the Louisiana Code.

**PRAYER FOR RELIEF**

18.

WHEREFORE, ANSARI prays that WERNER and ESPINOZA herein be duly cited and served with a copy of this Petition for Damages and be required to answer same all in accordance with the law; and that after due proceedings had, there be judgment herein in favor of AZIZI ANSARI and against Defendants, WERNER and ESPINOZA, their insurer(s), and any other responsible party, jointly, severally and *in solido*, for such damages as are reasonable in the premises, together with legal interest thereon from judicial demand until paid, for all costs of these proceedings, and for all just and equitable relief.

**[SIGNATURE AND SERVICE INSTRUCTIONS]**

Respectfully submitted,

**RUDIN LAW LLC**

_____
Lee M. Rudin (LA #34746)
Mail: 5500 Prytania Street, #404
    New Orleans, LA 70115
Phone: 833-GET-RUDE (833-438-7833)
Fax: 504-445-4054
Email: Lee@GetRude.com
  cc: Liz@GetRude.com
      Service@GetRude.com

*Attorney for Plaintiff, Azizi Ansari*

**PLEASE SERVE:**

**Werner Enterprises, Inc. of Nebraska**
Through Its Registered Agent:
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

**Richard Rene Espinoza**
Through Long-Arm Service:
201 Avenue H
Poteet, TX 78065