BEAUREGARD PARISH CLERK OF COURT C-20250806
Kimberly Gibson
Deputy Clerk of Court
E-File Received Oct 15, 2025 3:28 PM

Filed Oct 15, 2025 3:43 PM B

Case 2:25-cv-01575-JDC-TPL     Document 1-9     Filed 10/20/25     Page 1 of 6 PageID #: 32

36th JUDICIAL DISTRICT COURT FOR PARISH OF BEAUREGARD
STATE OF LOUISIANA

NO. C-20250806                                                                         DIVISION "B"

AZIZI ANSARI

VERSUS

RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC. OF NEBRASKA

FILED:_____            _____
                                          DEPUTY CLERK

**DILATORY EXCEPTION OF VAGUENESS, AMBIGUITY**
**AND NON-CONFORMITY OF THE PETITION**

**NOW INTO COURT**, through undersigned counsel, comes Exceptor, Werner Enterprises, Inc. (improperly referred to as "Werner Enterprises, Inc. of Nebraska") who excepts to the Petition for Damages filed by Plaintiff, Azizi Ansari, because his Petition is vague, ambiguous, and fails to conform to the requirements of Louisiana Code of Civil Procedure Articles 891 and 893. Specifically, the Petition fails to make the requisite allegation as to whether Plaintiff's claims exceed or are less than the amount sufficient to invoke the jurisdiction of the federal courts.

**WHEREFORE**, Exceptor prays for an Order from this Honorable Court ordering the Plaintiff to amend his Petition for Damages and specifically allege whether his claims exceed the requisite amount to invoke the jurisdiction of the federal courts, failing which his Petition should be dismissed, with prejudice, and at Plaintiff's cost.

Respectfully submitted,

PERRIER & LACOSTE, LLC

_____
**GUY D. PERRIER, (# 20323)**
**RALPH J. AUCOIN, JR., (#31023)**
**PAUL W. FREESE (#39886)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
Email:  raucoin@perrierlacoste.com
Email:  pfreese@perrierlacoste.com
*Attorneys for Werner Enterprises, Inc.*

1

**EXHIBIT 3**

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing pleading has been delivered to all known counsel of record by electronic mail, facsimile transmission, and/or by U.S. Postal Service Mail, first class postage pre-paid and properly addressed to their last known address of record this 15th day of October, 2025.

                 _____
                 **RALPH J. AUCOIN, JR. (#31023)**

BEAUREGARD PARISH CLERK OF COURT C-20250806
Filed Oct 15, 2025 3:43 PM
Kimberly Gibson
Deputy Clerk of Court
E-File Received Oct 15, 2025 3:28 PM

**36th JUDICIAL DISTRICT COURT FOR PARISH OF BEAUREGARD**
**STATE OF LOUISIANA**

NO. C-20250806                                                           DIVISION "B"

**AZIZI ANSARI**

**VERSUS**

**RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC. OF NEBRASKA**

FILED:_____               _____
                                                                    **DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF DILATORY EXCEPTION OF VAGUENESS,
AMBIGUITY AND NON-CONFORMITY OF PETITION**

MAY IT PLEASE THE COURT:

Exceptor, Werner Enterprises, Inc., respectfully submits this Memorandum in Support of its Dilatory Exception of Vagueness, Ambiguity and Non-Conformity of Petition and submits the following to demonstrate why the Exception should be sustained.

    I.    **EXCEPTION OF VAGUENESS, AMBIGUITY, AND NON-CONFORMITY**

        a.  **FACTS AND BACKGROUND**

Plaintiff, Azizi Ansari, alleges that he sustained personal injuries and other losses as a result of a motor vehicle collision which occurred on or about October 31, 2024.[1] Plaintiff, Azizi Ansari, alleges bodily injuries and seeks damages for past, present, and future: physical pain and suffering; mental and emotional distress; medical expenses; loss of wages/income; loss of earning capacity; disability; aggravation and inconvenience; transportation expenses to/from medical and legal appointments; loss or limitation of insurability; and other elements of damages to be proved at the time of trial.[2] In his Petition, Plaintiff allege that he is domiciled in Louisiana.[3] Plaintiff further alleges that the defendant, Richard Rene Espinoza is domiciled in Texas and that Werner Enterprises, Inc. is a foreign corporation which is domiciled in Nebraska.[4]

Accordingly, there is complete diversity of citizenship between the Plaintiff and all named Defendants. Because diversity of citizenship exists amongst the named parties, the above referenced matter is potentially removable to the United States District Court for the Western District of Louisiana, Lake Charles Division, subject to the amount in controversy requirement. Plaintiff's Petition for Damages, however, fails to make any allegation as to whether the amount

---

[1] *See* Petition for Damages, at ¶ 3.
[2] *Id*. at ¶ 11.
[3] *Id*. at introductory paragraph.
[4] *Id*. at ¶ 1.

of damages he seeks is sufficient or insufficient to invoke the diversity jurisdiction of the federal courts.

### b. LAW AND ARGUMENT

Plaintiff's Petition fails to make any allegation as to whether the amount of damages sought is sufficient or insufficient to invoke the diversity jurisdiction of the federal courts. In 2004, Louisiana Code of Civil Procedure Article 893 was amended to require that such an allegation be specifically made by Plaintiff. That Article, in pertinent part, reads as follows:

> A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate (emphasis added).

La. C.C.P. art. 893.

The above-referenced article was specifically amended to address the present situation. Exceptor is attempting to determine whether the case is removable to federal court, but Plaintiff's Petition is silent in this regard.

Accordingly, Exceptor is unable to tell whether the requisite amount in controversy to invoke federal diversity jurisdiction exists. Plaintiff should be required to amend his Petition to specifically allege whether his claims exceed the requisite amount to invoke the jurisdiction of the federal courts, failing which his Petition should be dismissed.

### II. CONCLUSION

For the reasons set forth herein, Exceptor's *Dilatory Exception of Vagueness, Ambiguity and Non-Conformity of the Petition* should be granted, and Plaintiff should be ordered to amend his Petition to specifically allege whether the amount of his claims is sufficient to invoke the jurisdiction of the federal courts, failing which, the Petition for Damages should be dismissed, with prejudice, and at Plaintiff's cost.

Respectfully submitted,

**PERRIER & LACOSTE, LLC**

_____

**GUY D. PERRIER, (# 20323)**
**RALPH J. AUCOIN, JR., (#31023)**
**PAUL W. FREESE (#39886)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: raucoin@perrierlacoste.com
Email: pfreese@perrierlacoste.com
***Attorneys for Werner Enterprises, Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all known counsel of record by electronic mail, facsimile transmission, and/or by U.S. Postal Service Mail, first class postage pre-paid and properly addressed to their last known address of record this 15th day of October 2025.

_____
**RALPH J. AUCOIN, JR. (#31023)**

5

BEAUREGARD PARISH CLERK OF COURT C-20250806
Filed Oct 15 2025 3:43 PM B
Kimberly Gibson
Deputy Clerk of Court
E-File Received Oct 15, 2025 3:28 PM

**36th JUDICIAL DISTRICT COURT FOR PARISH OF BEAUREGARD**
**STATE OF LOUISIANA**

NO. C-20250806                                                                          DIVISION "B"

**AZIZI ANSARI**

**VERSUS**

**RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC. OF NEBRASKA**

FILED:_____       _____
                                                                    **DEPUTY CLERK**

**RULE TO SHOW CAUSE**

Considering the foregoing *Dilatory Exception of Vagueness, Ambiguity, and Non-Conformity of the Petition*;

**IT IS HEREBY ORDERED** that Plaintiff, Charles Brock, Jr., appear and show cause on the _____ day of _____, 202__, at _____ ___.m., why the *Dilatory Exception of Vagueness, Ambiguity, and Non-Conformity of the Petition* filed on behalf of Exceptor, Werner Enterprises, Inc., should not be sustained and Exceptor granted the relief sought, and any other relief deemed appropriate.

DeRidder, Louisiana, this _____ day of _____, 2025.

_____
JUDGE

**PLEASE SERVE:**

**Defendant will serve Plaintiff, Azizi Ansari, through his counsel of record pursuant to LA C.C.P. art 1313.**

6