UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **AZIZI ANSARI** | **CIVIL ACTION NO. 2:25-cv-1575** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RICHARD RENE ESPINOZA AND WERNER ENTERPRISES, INC.** | **MAGISTRATE JUDGE THOMAS P. LeBLANC** |

**ANSWER TO COMPLAINT**

NOW INTO COURT through undersigned counsel comes Defendant, Werner Enterprises, Inc., (improperly referred to as "Werner Enterprises, Inc. of Nebraska"), who answers the Complaint filed by Plaintiff, Azizi Ansari, as follows:

1.

The allegations of Paragraph 1 of the Complaint as are denied, except to admit that Defendant, Werner Enterprises, Inc., is a foreign corporation authorized to do and doing business in the State of Louisiana.

2.

The allegations of Paragraph 2 of the Complaint are denied, except to admit that venue is proper in the U.S. District Court for the Western District of Louisiana, Lake Charkes Division, and the subject incident occurred in Beauregard Parish.

3.

The allegations of Paragraph 3 of the Complaint are denied, except to admit that on October 31, 2024, Azizi Ansari, who was operating a 2023 Chevrolet Silverado 5500 HD utility truck owned by CLECO while on a mission or errand and/or in the course and scope of his employment with Norton Transport, Inc., was traveling eastbound on Hwy. 110 in Beauregard Parish, Louisiana

when he crossed over the center line into oncoming traffic in the westbound lane of Hwy. 110 striking a 2024 Peterbilt tractor-trailer owned by Werner Enterprises, Inc. and being operated by its employee Richard Rene Ezpinoza, that was fully within the westbound lane.

4.

The allegations of Paragraph 4 of the Complaint are admitted.

5.

The allegations of Paragraph 5 of the Complaint, including each and every subpart therein, are denied.

6.

The allegations of Paragraph 6 of the Complaint, including each and every subpart therein, are denied.

7.

The allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied.

9.

The allegations of Paragraph 9 of the Complaint are denied.

10.

The allegations of Paragraph 10 of the Complaint are denied.

11.

The allegations of Paragraph 11 of the Complaint, including each and every subpart therein, are denied.

12.

The allegations of Paragraph 12 of the Complaint are denied.

13.

The allegations of Paragraph 13 of the Complaint are denied.

14.

The allegations of Paragraph 14 of the Complaint are denied.

15.

The allegations of Paragraph 15 of the Complaint are denied.

16.

The allegations of Paragraph 16 of the Complaint are denied except to admit that the amount in controversy is sufficient to invoke the jurisdiction of the federal courts.

17.

The allegations of Paragraph 17 of the Complaint do not call for a response from Defendant herein.

18.

The allegations of Paragraph 18 of the Complaint, the "Wherefore" paragraph, including each and every subpart therein and any unnumbered paragraphs in the Complaint are denied.

19.

**AFFIRMATIVE DEFENSES**

AND NOW, for further answer, and in response to the Complaint, Defendant alleges and avers as follows:

20.

Defendant submits that the alleged subject incident was caused by the fault and/or

negligence of Plaintiff, Azizi Ansari, for the following reasons:

    a. Crossing the center line into oncoming traffic and striking the Werner vehicle operated by Mr. Espinoza in violation of LSA-R.S. 32:79;

    b. Improper lane usage/failing to maintain his lane of travel;

    c. Failing to keep a proper lookout;

    d. Failing to see what should have been seen;

    e. Failing to yield;

    f. Creating a sudden emergency;

    g. Careless operation of his motor vehicle;

    h. Reckless disregard for the safety of others;

    i. Failing to act as a reasonable person under the then prevailing circumstances;

    j. Any and all other acts of negligence which will be shown at the trial of this matter.

All of which serve to bar and/or diminish any recovery by plaintiff against defendants herein.

21.

In the alternative, Defendant asserts the comparative fault of Plaintiff in causing this incident which thereby serves to diminish any recovery by Plaintiff against Defendants herein.

22.

In the alternative, Defendant asserts that the injuries and damages of which Plaintiff complains were caused solely by the fault or negligence of a third party or third parties for whom Defendants have no responsibility, legal or otherwise including but not limited to CLECO and/or Norton Transport, Inc. for their negligence in hiring, training, retention, supervision, and entrustment of Azizi Ansari.

23.

In the alternative, the fault or negligence of a third party or third parties was a contributing cause of the incident described in the Complaint and the alleged injuries and damages resulting therefrom, and should be considered in the assessment and apportionment of damages.

24.

The incident described in the Complaint was caused by unforeseen or unforeseeable circumstances and/or was the result of a sudden emergency, as such, Defendants cannot be responsible and/or liable to the Plaintiff.

25.

Defendant submits that the alleged injuries or damages alleged by Plaintiff resulted from pre-existing conditions or accidents or trauma, and/or subsequently occurring events, injuries or trauma, and that none of which are related to the subject incident, and for none of which may Plaintiff recover against defendants herein.

26.

Out of an abundance of caution, Defendant pleads the application of the "No Pay, No Play" statue, La RS 32:866, on the grounds that Plaintiff failed to have an effective automobile liability insurance at the time of the subject accident.

27.

Out of an abundance of caution, Defendant asserts that Plaintiff failed to mitigate his damages.

28.

Out of an abundance of caution, Defendant asserts that Plaintiff's claims are barred by prescription.

29.

Defendant asserts that it is entitled to a credit or set off for any amounts previously paid to or on behalf of the Plaintiff.

30.

Defendant reserves the right to supplement and/or amend its Answer or defenses to this Complaint as additional information becomes known through discovery.

31.

**JURY DEMAND**

Defendant requests a trial by Jury.

WHEREFORE, Werner Enterprises, Inc., prays that this Answer to the Complaint as amended be deemed good and sufficient, and after due proceedings be had, that Judgment be rendered in favor of Defendant, Richard Rene Ezpinoza and Werner Enterprises, Inc., and against Plaintiff, Azizi Ansari, dismissing with prejudice the Complaint filed on behalf of Plaintiff, with an award to the Defendants of their costs and for all other general equitable relief as the justice and the nature of this cause may require and permit, and further defendant prays for trial by jury.

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*s/ Ralph J. Aucoin, Jr.*
_____
**GUY D. PERRIER, (# 20323)**
**RALPH J. AUCOIN, JR., (#31023)**
**PAUL W. FREESE (#39886)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825

Email: gperrier@perrierlacoste.com
Email: raucoin@perrierlacoste.com
Email: pfreese@perrierlacoste.com
***Attorneys for Werner Enterprises, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 27th day of October, 2025, at their last known address of record.

*s/ Ralph J. Aucoin Jr.*
_____
**RALPH J. AUCOIN, JR.**