UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

AZIZI ANSARI                                                    CASE NO.  2:25-CV-01575

VERSUS                                                           JUDGE JAMES D. CAIN, JR.

RICHARD RENE ESPINOZA ET AL          MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion for Sanctions [doc. 15] filed under Federal Rule of Civil Procedure 11 by defendant Werner Enterprises, Inc. ("Werner"). Plaintiff opposes the motion. Docs. 23, 24.

### I.
### INTRODUCTION

This suit arises from a motor vehicle accident that occurred on October 31, 2024, in DeRidder, Louisiana. Plaintiff alleges as follows: he was traveling eastbound on Highway 110 while defendant Richard Espinoza, operating a vehicle in the course and scope of his employment with defendant Werner, was traveling westbound on the same road. Doc. 1, att. 1, ¶¶ 2, 4. As the vehicles passed on a narrow bridge without a shoulder, "ESPINOZA drifted causing his truck to strike the driver's side of Mr. Ansari's truck causing moderate damage to the side mirror—and injury to ANSARI as he attempted to steady his vehicle[.]" *Id.* at ¶ 3.

Plaintiff filed suit against Espinoza and Werner in state court, alleging that Espinoza's negligence was the sole cause of the accident and his resulting injuries. Werner then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Werner now moves for sanctions against plaintiff and his attorneys under Rule 11 of the Federal Rules of Civil Procedure. Doc. 15. Werner argues that Espinoza's dash camera footage shows that it was plaintiff who drifted into Espinoza's lane and caused the accident. Doc. 15. After reviewing and sharing the footage, Werner gave plaintiff's counsel notice of this motion pursuant to Rule 11's safe harbor requirements. Nevertheless, plaintiff refuses to dismiss his suit and Werner seeks sanctions as a result. In opposition, plaintiff maintains that the footage is ambiguous and that Werner's willingness to resolve the suit through a $25,000.00 offer of judgment belies its assertions to the contrary. Docs. 23, 24.

## II.
### LAW & APPLICATION

Federal Rule of Civil Procedure 11 provides, in pertinent part:

(b) By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . . .

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11. "The central purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of the federal courts." *Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 273 (5th Cir. 2024) (quoting *Cooter & Gell v.*

*Hartmarx Corp.*, 496 U.S. 384, 393 (1990)) (cleaned up). Under the "snapshot rule" set forth in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988), liability is only imposed for a violation that existed at the time of filing. "Prior to that decision, attorneys in this Circuit had a continuing obligation to review and reevaluate their positions as the litigation developed; a document that initially satisfied Rule 11 might later become the basis for sanctions if new facts were discovered or circumstances changed such that there was no longer a good faith basis for the earlier filing." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 570 (5th Cir. 2006).

"Claims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motions. As a general matter, dismissal of a frivolous case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort." *Butowsky v. Folkenflik*, No. 4-18-cv-442, 2020 WL 9936143, at *22 (E.D. Tex. Sept. 1, 2020) (quoting *Blue v. United States Dep't of the Army*, 914 F.2d 525, 535 (4th Cir. 1990)) (cleaned up). Rule 11 sanctions should not be imposed solely because a factual claim failed, but only when, at the time of signing, a claim was unwarranted. *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997).

In this case, defendants hastily filed a Rule 11 motion. Because no discovery has been conducted, the parties have not had adequate time to review and gather relevant evidence. Further, although defendants produced substantial evidence that plaintiff's allegations may be disproven, the video does not unambiguously show the position of both vehicles at the time of impact. Accordingly, the court lacks a sufficient basis to determine that the suit was and is frivolous.

## III.
### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motion for Sanctions (Doc. 15) be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 1st day of June, 2026.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE